IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case No. 4:25-cr-00104 |
| v. | ) ) | |
| THOMAS JUNIOR JAMIESON, | ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) ) | |

**INTRODUCTION**

In September 2023, law enforcement seized Jamieson's computer and later discovered images of prepubescent child pornography, evidence of child pornography-related searches going back to 2018, and evidence of deleted videos of child pornography.

Jamieson is a 78-year-old man with two prior convictions for hands-on sexual abuse of minor girls. In the early 1990s, he was convicted of sexually abusing a 14-year-old girl. In 2024, Jamieson was convicted on multiple counts of lascivious acts with a 5-year-old girl stemming from his abuse of that girl in 2023. He has an undischarged prison term in the Iowa Department of Corrections for the 2024 conviction. The minor victim was not depicted in Jamieson's collection of child pornography that formed the basis of the instant federal offense.

The Court should sentence Jamieson to 120 months in prison followed by 10 years of supervised release. The federal sentence should be consecutive to the undischarged state term.

**GUIDELINES CALCULATION, RESTITUTION, AND OTHER MATTERS**

Both parties agree with the total offense level set out in the PSR: level 28. The government agrees with the Probation Office that Jamieson is a criminal history category II; Jamieson argues he is a category I. The argument is academic because his guideline range is the mandatory minimum 120 months under both scenarios. A statutory maximum of 240 months applies. Supervised release is five years to life.

Defendant's conviction for lascivious acts with a child qualifies to receive criminal history points unless it is "relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct.)" USSG §4A1.2, comment. (n.1) (describing what is a "prior sentence" for criminal history calculation.) Certainly, defendant's sexual abuse of a five-year-old—for which he was arrested in September 2023—is highly relevant to the Court's assessment of the defendant's history and characteristics and the ultimate sentence. But it is not "relevant conduct." Defendant pleaded guilty to lascivious acts with a child. He was not charged in state court with CSAM offenses. There is no reference to CSAM conduct in paragraph 43. That the State agreed not to seek additional charges in exchange for Defendant's plea is of little importance. In short, Defendant's state conviction is for in-person sexual abuse of a little girl. That conduct is not within the scope of relevant conduct as described in §1B1.3. The instant federal offense is independent, separate, and distinct from defendant's sexual abuse of the five-year-old. The instant federal offense is solely based on Defendant's possession of internet-based CSAM. None of the imagery involved in this federal case relates to Defendant's five-year-old sexual abuse victim.

Defendant's conviction in paragraph 43 should receive criminal history points. The decision on this issue will not change the advisory guideline, which remains 120 months.

The Court should order forfeiture consistent with the preliminary order of forfeiture. (R. Doc. 45.) There is no restitution.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 120 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The government will ask the district court to sentence the Defendant based upon an advisory range of 120 months. The government recommends 120 months (10 years) with 10 years of supervised release to follow.

The Defendant has committed hands-on sexual abuse of minor girls repeatedly. He has two convictions for that conduct. (See PSR ¶ 42 (defendant sexually abused

the minor from 1988 to 1992), ¶ 43 (abuse of five-year-old in September 2023).)  He is a registered sex offender.

Separate from that, Defendant was searching for CSAM, downloading it to his computer, and retaining some of the material.  (PSR ¶¶ 14-18.)  His quest for internet-based CSAM occurred over the course of approximately five years. (PSR ¶ 17).  The material was focused on prepubescent girls.  (See PSR ¶¶ 15 (PTHC and preteen file names and material).)  This is serious and deeply troubling conduct that is heightened because of Defendant's history.  Jamieson is an ongoing danger to children.

Jamieson asks the Court to reduce any sentence imposed to account for time Jamieson has spent in state custody and asks the Court to run the federal sentence concurrent to his undischarged state term. (Deft. Sentencing Memo, R. Doc. 46 at 7.) The Court should decline.  The advisory guidelines only advise that this court do so if Jamieson's undischarged state term of imprisonment "is relevant conduct to the instant [federal] offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct)." USSG §5G1.3(b).  As discussed earlier, Jamieson's in-person, hands-on sexual abuse of the five-year-old is not relevant conduct to his internet CSAM conduct that is the basis of the instant offense. Moreover, even if it were, this Court should decline to follow the guidelines and impose a fulsome 120-month sentence to run consecutive to the state sentence.

## CONCLUSION

Jamieson's conduct—coupled with his history and characteristics—illustrate he is a danger to children.  A sentence of 10 years with 10 years of supervised release

is necessary to reflect the seriousness of the offense, provide just punishment, afford

adequate deterrence, avoid unwarranted sentencing disparities, and protect the

public from his further crimes.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Adam J. Kerndt*
Adam J. Kerndt
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Email: Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

_X___ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY
By: */s/Janna Colvin, Paralegal Specialist*